UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>               Plaintiff,<br><br>   v.<br><br>ROHLFING,<br><br>               Defendant. | No. 2:13-cv-2201-MCE-EFB P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He asserts a claim of Eighth Amendment deliberate indifference to medical needs against defendant Rohlfing for discontinuing plaintiff's medical devices, including a spinal brace and walking cane, on August 16, 2013. Rohlfing moves for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. ECF No. 22. For the following reasons, the motion must be granted.

**I.     Exhaustion under the PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v.*

1

*Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided

2

> [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

## II.     Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing

1  party to present specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at
2  248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

3      A clear focus on where the burden of proof lies as to the factual issue in question is crucial
4  to summary judgment procedures. Depending on which party bears that burden, the party seeking
5  summary judgment does not necessarily need to submit any evidence of its own. When the
6  opposing party would have the burden of proof on a dispositive issue at trial, the moving party
7  need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National*
8  *Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters
9  which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-
10 24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a
11 summary judgment motion may properly be made in reliance solely on the 'pleadings,
12 depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment
13 should be entered, after adequate time for discovery and upon motion, against a party who fails to
14 make a showing sufficient to establish the existence of an element essential to that party's case,
15 and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a
16 circumstance, summary judgment must be granted, "so long as whatever is before the district
17 court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

18     To defeat summary judgment the opposing party must establish a genuine dispute as to a
19 material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that
20 is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at
21 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law
22 will properly preclude the entry of summary judgment."). Whether a factual dispute is material is
23 determined by the substantive law applicable for the claim in question. *Id.* If the opposing party
24 is unable to produce evidence sufficient to establish a required element of its claim that party fails
25 in opposing summary judgment. "[A] complete failure of proof concerning an essential element
26 of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S.
27 at 322.
28 /////

1      Second, the dispute must be genuine.  In determining whether a factual dispute is genuine
2  the court must again focus on which party bears the burden of proof on the factual issue in
3  question.  Where the party opposing summary judgment would bear the burden of proof at trial on
4  the factual issue in dispute, that party must produce evidence sufficient to support its factual
5  claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.
6  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit
7  or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue
8  for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to
9  demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such
10 that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,
11 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.
12     The court does not determine witness credibility.  It believes the opposing party's
13 evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;
14 *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the
15 proponent must adduce evidence of a factual predicate from which to draw inferences. *American
16 Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,
17 dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at
18 issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th
19 Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier
20 of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475
21 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any
22 reasonable inferences that might be drawn from it could not support a judgment in favor of the
23 opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any
24 genuine dispute over an issue that is determinative of the outcome of the case.
25     Defendant's motion included notice to plaintiff informing him of the requirements for
26 opposing a motion for summary judgment, including the warning that if plaintiff failed to submit
27 evidence in opposition, his case could be dismissed and there would be no trial. *See Woods v.
28 Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. 2012); *see*

*also Albino*, 747 F.3d at 1166 (providing that a motion for summary judgment, and not a motion to dismiss, is the proper means of asserting the defense of failure to exhaust, where evidence extrinsic to the complaint is submitted).

**III.     Discussion**

Plaintiff's Eighth Amendment deliberate indifference claim against Rohlfing is predicated on Rohlfing discontinuing plaintiff's medical devices, including a spinal brace and walking cane, on August 16, 2013. Plaintiff commenced this action with the filing of his complaint on November 4, 2013. ECF No. 7. Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding his deliberate indifference claim prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Defendant's evidence shows that plaintiff filed an appeal on August 16, 2013, regarding plaintiff's meeting with defendant on that day, and plaintiff's requests for his medical devices, including a spinal brace and walking cane. ECF No. 22-3 ("Robinson Decl."), Ex. F (appeal log number HDSP-SC-13-000299). However, plaintiff refused to be interviewed regarding this staff complaint, or to otherwise cooperate with the appeal reviewer, which resulted in the appeal being cancelled.[1]  *Id.* at ¶ 14, Ex. G (October 7, 2013 notice of cancellation); *see also* Cal. Code Regs. tit. 15, § 3084.6(c)(8)(A). Plaintiff was instructed that the cancellation could not be appealed unless he alleged that the reason for the cancellation—his refusal to cooperate—was inaccurate. *Id.* at Ex. G. There is no record that plaintiff attempted to appeal the cancellation of this appeal. *Id.* at ¶ 14, Ex. A at 4. Cancellation of an appeal does not exhaust administrative remedies.

Defendant's evidence also shows that plaintiff filed two additional appeals regarding his back brace and cane. The first, filed on May 15, 2013, was not resolved at the final level of review until November 15, 2013, after plaintiff had commenced this action. *Id.* at ¶ 11, Ex. B (appeal log number HDSP-HC-13-027236), Ex. E. The second (initially filed as an ADA request and assigned log number HDSP-C-13-0258) was cancelled as duplicative of the first. *Id.* at

---

[1] It is standard practice to interview an inmate who submits a staff complaint. Cal. Code Regs. tit. 15, § 3084.9(i)(3)(B)(3).

1  ¶¶ 15-16, Ex. J (appeal log number HDSP-HC-13-027460), Exs. H, I, J, K.   There is no
2  indication that plaintiff attempted to appeal the cancellation of this appeal. *Id.* at ¶ 16.
3       In light of this record, defendant has shown that plaintiff did not exhaust the
4  administrative appeals process as required.  That is, there is no dispute as to any genuine issue of
5  material fact regarding plaintiff's exhaustion of administrative remedies.  To defeat defendant's
6  motion, plaintiff must demonstrate that there is a genuine dispute over a material issue of fact as
7  to whether he actually exhausted available remedies, or as to whether he should be excused from
8  the exhaustion requirement.
9       In opposition, plaintiff argues that he should be excused from the exhaustion requirement
10 because he submitted each of the above-listed appeals to the third level of review, but did not
11 receive responses to log numbers HDSP-SC-13-000299 and HDSP-HC-13-027460.  ECF No. 23
12 at 1-2, 4.  He also claims that he did not refuse to be interviewed in connection with appeal log
13 number HDSP-SC-13-000299. *Id.*   These arguments miss the mark.  Appeal log numbers
14 HDSP-SC-13-000299 and HDSP-HC-13-027460 were cancelled.  If plaintiff wished to pursue
15 either appeal further, his next step was not to file at the third level of review, but rather, to appeal
16 the reason for the cancellation as inaccurate.  Plaintiff submits no evidence showing that he
17 appealed the cancellation of either appeal.  His belated argument that the reason for cancelling
18 appeal log number HDSP-SC-13-000299 was inaccurate should have been presented through the
19 administrative appeals process itself.  Simply put, plaintiff's conclusory remark that
20 administrative remedies were made "unavailable" is not supported by the record. *Id.* at 4.  Thus,
21 it remains undisputed that plaintiff did not exhaust the administrative appeals process as required.
22      Because there is no dispute that plaintiff failed to comply with the exhaustion procedure,
23 or that his failure in this regard should not be excused, defendant's summary judgment motion
24 must be granted. *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could
25 have written a statute making exhaustion a precondition to judgment, but it did not. The actual
26 statue makes exhaustion a precondition to suit."); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th
27 Cir. 2006) (prisoner brings an action for purposes of 42 U.S.C. § 1997e when he submits his
28 complaint to the court).

7

1    Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary
2 judgment (ECF No. 22) be granted, that judgment be entered in defendant's favor, and that the
3 Clerk be directed to close this case.

4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 Dated:   October 27, 2015.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

8